Ira David LUSTGARDEN,
Petitioner–Appellant,

v.

Frank O. GUNTER, Gale A. Norton, Attorney General of the State of Colorado, Respondents–Appellees.

No. 91–1417.

United States Court of Appeals,
Tenth Circuit.

June 1, 1992.

v. *Russell*, — U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). We affirm.

Ira D. Lustgarden, pro se.

Paul L. Sanzo, Asst. Atty. Gen., Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., and John August Lizza, First Asst. Atty. Gen., Denver, Colo., for respondents-appellees.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Petitioner appeals from the district court's dismissal of his Petition for Writ of Habeas Corpus.[1] 779 F.Supp. 500. Petitioner is currently serving the sentence for his 1983 conviction of sexual assault on a child. He was sentenced pursuant to Colorado law, and he argues on appeal that he is entitled to mandatory parole.[2] Specifically, he raises five issues: (1) whether interpretation of Colorado sex offender parole statutes by Colorado courts creates ambiguities which can only be resolved by the federal court; (2) whether denial of mandatory parole violates the Ex Post Facto Clause of the Constitution; (3) whether denial of mandatory parole violates Petitioner's right to due process, and whether the State is estopped from such denial; (4) whether denial of mandatory parole violates Petitioner's right to equal protection; and (5) whether such denial constitutes cruel and unusual punishment. All of the issues raised are questions of law which we review de novo. *Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir.1991). The same standard of review applies whether the applicable law is state or federal law. *See Salve Regina College*

## I.

■ Petitioner contends that he is entitled to mandatory parole and that, because ambiguities have been created by the Colorado Supreme Court's interpretation of Colorado sex offender parole laws, the federal courts must decide the issue. It is a well-established principle that, absent certain extreme circumstances not present here, a state court's interpretation of a state statute is controlling in federal court. *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975). The Colorado Supreme Court has interpreted Colorado sex offense parole statutes as dictating that parole for individuals convicted of a sex offense is discretionary, not mandatory. *See Aue v. Diesslin*, 798 P.2d 436, 438 (Colo.1990); *Thiret v. Kautzky*, 792 P.2d 801, 806 (Colo.1990). As explained below, no ambiguities have been created by the state court interpretation of Colorado's sex offender parole statutes and, consequently, that interpretation is controlling in this court.

## II.

■ Petitioner also argues that denying him mandatory parole constitutes an ex post facto law in violation of the United States and Colorado Constitutions. Petitioner's reliance on the Ex Post Facto Clause is misplaced. "The *Ex Post Facto Clause* is a limitation upon the powers of the Legislature and does not of its own force apply to the Judicial Branch of government." *Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977); *see also Coleman v. Saffle*, 869 F.2d 1377, 1385 (10th Cir.1989), *cert. denied*, 494 U.S. 1090, 110 S.Ct. 1835,

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. In 1979, the Colorado Legislature adopted a "mandatory" parole scheme which provided for "mandatory" parole by requiring application of good time credits and earned time credits to the parole eligibility date. Under that scheme, a

person was entitled to mandatory parole unless some statutory exception existed. The parole scheme has since been altered to allow more discretion in parole determinations. *See generally Thiret v. Kautzky*, 792 P.2d 801, 803–05 (Colo.1990). Because Petitioner's crimes were committed after July 1, 1979 but before July 1, 1985, he is entitled to application of good time credits resulting in mandatory parole unless he falls within a statutory exception allowing discretion in determination of parole. *Id.* at 805.

108 L.Ed.2d 964 (1990). Petitioner's claims arise out of judicial interpretation of a statute, and therefore, his rights derive from the Due Process Clause. *Id.* Because, however, "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law," *Bouie v. City of Columbia,* 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894 (1964), "we apply ex post facto principles to decide the due process issue." *Coleman,* 869 F.2d at 1385; *see also McDonald v. Champion,* 962 F.2d 1455, 1457 (10th Cir.1992). Application of the Colorado Supreme Court's decision in *Thiret* to deny Petitioner mandatory parole runs afoul of Petitioner's due process rights only if the court's interpretation of the statute was unforeseeable. *See Bouie,* 378 U.S. at 353, 84 S.Ct. at 1702; *Coleman,* 869 F.2d at 1385–86; *McDonald,* at 1457; *Devine v. New Mexico Dept. of Corrections,* 866 F.2d 339, 345 (10th Cir.1989).

Colorado Rev.Stat. § 17–2–201(5)(a) provides, in pertinent part:

> As to ... any person sentenced for conviction of a sex offense, as defined in section 16–13–202(5), C.R.S., ... and as to any person sentenced as a habitual criminal pursuant to section 16–13–101, C.R.S., the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted, ....

Prior to January 1989, this statute was interpreted by the Colorado Parole Board to dictate that only persons sentenced under the Sex Offenders Act (Colo.Rev.Stat. §§ 16–13–201 through 216) were subject to discretionary parole, and that persons not sentenced under that Act were entitled to mandatory parole. *See Thiret,* 792 P.2d at 806. The *Thiret* court held, however, that all persons convicted of a sex offense, as defined in section 16–13–202(5), regardless of whether they were sentenced pursuant to the Sex Offenders Act, were subject to a discretionary parole determination under section 17–2–201(5)(a). *Id.* Not long after its *Thiret* decision, the Colorado Supreme Court held that the interpretation set forth in *Thiret* was foreseeable and was not,

therefore, in violation of the Due Process Clause. *Aue,* 798 P.2d at 441.

Petitioner now argues before this court that application to him of *Thiret's* judicial interpretation of the parole statutes violates his due process rights because the interpretation was unforeseeable. We disagree. The plain language of section 17–2–201(5)(a) dictates that "any person sentenced for conviction of a sex offense" is subject to discretionary parole. The meaning of that language is made neither ambiguous nor unforeseeable by the reference to section 16–13–202(5) for purposes of defining what constitutes a sex offense. The plain meaning of the section is further evidenced by language in the same sentence which states that "any person sentenced as a habitual criminal pursuant to section 16–13–101" is subject to discretionary parole. If the statute meant that only persons sentenced pursuant to the Sex Offenders Act were subject to discretionary parole, as Petitioner contends, it would except from mandatory parole persons sentenced pursuant to that Act, just as it excepts persons sentenced as habitual criminals under the Habitual Criminal Act. Instead, the plain language of the statute refers to a section of the Sex Offenders Act only for purposes of defining what constitutes a sex offense. We agree with the Colorado Supreme Court that interpretation of the parole statute in this way is dictated by the plain language of section 17–2–201(5)(a) and was, therefore, foreseeable. *See Aue,* 798 P.2d at 441.

## III.

■ Petitioner argues that his due process rights have been violated because he is entitled to application of good time credits, resulting in mandatory parole. The district court pointed out that "if a state creates a right to good time credits that *automatically* entitle an inmate to release before the full term of the sentence is served, denying early release constitutes a deprivation of liberty." R. Vol. I Doc. 19 at 5 (citing *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). The district court went on to find that

section 17–2–201(5)(a) gives the parole board sole discretion whether to grant or deny parole prior to conclusion of a sex offender's sentence and that, therefore, the state has not granted sex offenders a right to early release. *Id.* at 6. We agree with this analysis. Because no right to early release has been granted, Petitioner's due process rights have not been violated.

 Petitioner also claims that he was promised mandatory parole and that the doctrine of promissory estoppel operates to bar denial of mandatory parole in this case. We have held herein that the plain language of the statute excepts sex offenders from mandatory parole, so it is not the statutory language which makes such promise. Further, the sentencing court made no such promise, and, even if promise of mandatory parole was made by Petitioner's attorney, such action would not bind the government. Finally, the fact that the Parole Board had previously misapplied the statute does not constitute such promise. "[A]n agency's misinterpretation of a statute is not binding on a court's construction of that statute." *Caballery v. United States Parole Comm'n,* 673 F.2d 43, 47 (2d Cir.), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982).

### IV.

 . Petitioner asserts that applying the *Thiret* decision to deny him mandatory parole violates his right to equal protection. Petitioner is not a member of a suspect class,[3] nor is a fundamental right involved. Therefore, the statute withstands constitutional scrutiny if it bears a rational relationship to a legitimate state interest. *McGinnis v. Royster,* 410 U.S. 263, 270, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282 (1973); *Vasquez v. Cooper,* 862 F.2d 250, 251–52 (10th Cir.1988). We hold that the statute bears a rational relationship to the legitimate state interest of monitoring the reintroduction into society of sex offenders for purposes of public safety.

### V.

 Finally, Petitioner argues that applying the *Thiret* interpretation of the sex offender parole statutes to him constitutes cruel and unusual punishment in violation of federal and state constitutional prohibitions. We agree with the district court that Petitioner's sentence is within the statutory limits and that there has been no showing of illegality or abuse of discretion. *See United States v. MacClain,* 501 F.2d 1006, 1013 (10th Cir.1974). Parole is a privilege; there is no constitutional or inherent right to parole. *Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Denial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment.

The district court's denial of Petitioner's application for a writ of habeas corpus is AFFIRMED.

---

**3.** Petitioner argues violation of equal protection because he is being treated differently than were sex offenders in the past. The Equal Protection Clause does not require continued incorrect interpretation and application of a statute. *Aue,* 798 P.2d at 441.