*600
 
 LOGAN, Circuit Judge.
 

 This case requires us to determine whether petitioner Donald Arthur Mahn is being unconstitutionally confined as a result of the Colorado State Parole Board’s conclusion that he is not eligible for mandatory parole.
 
 [1]
 
 To do so, we must decide which of two alternative Colorado parole schemes applies to petitioner’s concurrent twelve-year sentences, one imposed for attempted murder and the other for sexual assault. Because one of the convictions here is for a sexual offense as defined in Colo.Rev.Stat. § 16-13-202(5), we affirm the district court and hold that petitioner is entitled to parole only at the discretion of the parole board, and that this condition does not violate any of petitioner’s constitutional rights.
 
 [2]
 

 On March 5, 1985, petitioner committed the crimes of attempted first degree murder, in violation of Colo.Rev.Stat. §§ 18-2-101 and 18-3-102, and sexual assault in the first degree, in violation of Colo.Rev.Stat. § 18-3-402. He was sentenced to concurrent terms of twelve years on each count. Petitioner is now before this court appealing the district court’s denial of his petition for habeas corpus; he argues that he is entitled to mandatory parole and immediate release.
 
 [3]
 
 The state counters that, because one of petitioner’s convictions is for a sexual offense, his parole is a matter for the discretion of the parole board pursuant to Colo.Rev.Stat. § 17-2-201(5)(a). We review the district court’s conclusions of law de novo.
 
 Northern Natural Gas Co. v. Grounds,
 
 931 F.2d 678, 681 (10th Cir.1991).
 

 A brief summary of the history of parole legislation in Colorado is necessary. Before 1979, parole matters were solely within the discretion of the parole board.
 
 Thir-et v. Kautzky,
 
 792 P.2d 801, 804 (Colo. 1990). In 1979, however, the legislature adopted a system providing for mandatory parole “which substantially removed all discretion from the sentencing courts and Parole Board.”
 
 Id.
 
 That mandatory system has since been modified to restore some discretion to the parole board under certain circumstances.
 
 Id.
 
 This legislative evolution has resulted in the creation of three classes of prisoners in the Colorado state prison system:
 

 1) Those whose crimes were committed before July 1, 1979;
 

 2) Those whose crimes were committed on or after July 1, 1979, but before July 1, 1985; and
 

 3) Those whose crimes were committed on or after July 1, 1985.
 

 Id.
 
 at 805. The parole board determines parole for prisoners falling into the first and third categories at its discretion.
 
 Id.
 
 Because petitioner’s crimes were committed between July 1, 1979, and July 1, 1985, however, he falls into the second category and is entitled to mandatory parole unless the state can demonstrate that some exception applies to him.
 
 See id.
 

 The exception on which the state relies is found in Colo.Rev.Stat. § 17-2-201(5)(a), which provides in pertinent part:
 

 As to any person sentenced for conviction of a felony committed prior to July 1, 1979, or of a misdemeanor and as to any person sentenced for conviction of a sex offense, as defined in section 16 — 13— 202(5), C.R.S., or a class 1 felony and as to any person sentenced as a habitual criminal pursuant to section 16-13-101, C.R.S., the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discre
 
 *601
 
 tion to set the duration of the term of parole granted____
 

 Initially, we consider whether petitioner is subject to the discretionary parole mandated by this statute. The issue before us appears to be one of first impression under Colorado law.
 
 [4]
 
 We do, however, have some guidance from the Colorado courts regarding the application of this statute under circumstances similar to these. In
 
 Thiret,
 
 the Supreme Court of Colorado considered a case in which the petitioner, whose crimes had been committed after July 1, 1979, and before July 1, 1985, had been sentenced to two concurrent terms, one four-year term for sexual assault and one ten-year term for attempted murder. The issue was which sentence would control for purposes of determining the petitioner’s right to parole.
 

 The
 
 Thiret
 
 court concluded that “the ‘governing’ sentence is the longest sentence for which [the petitioner] was sentenced, and the relevant parole provisions of that sentence apply to the entire ‘composite’ sentence.”
 
 Id.
 
 at 808. Thus, because Thiret’s attempted murder sentence was the longer of the two, he was entitled to mandatory parole. This case involves a similar factual situation as that of
 
 Thiret,
 
 except here both sentences are of the same duration, thus presenting the only situation for which
 
 Thiret
 
 provides no definitive result.
 

 Petitioner argues that the sentence for attempted murder should be considered the governing sentence for purposes of parole. We do not agree. If petitioner’s attempted murder sentence had been the longer of the two,
 
 Thiret
 
 may
 
 [5]
 
 have required mandatory parole. If the sexual offense sentence had been longer, parole wpuld be discretionary. There is no principled way, however, to choose between these two sentences of equal duration and declare one of them to be “governing” for parole purposes.
 

 We hold that, for Colorado offenses committed on or after July 1, 1979, but before July 1, 1985, when concurrent sentences are of equal length, if one of those sentences is for a sexual offense, parole is discretionary. To hold otherwise would place a prisoner who had committed both a sexual offense and another crime requiring mandatory parole in a better position than a prisoner who had been sentenced only for a sexual offense. This construction of the statutory parole scheme would be absurd and unwarranted.
 
 See Gallegos v. Lyng,
 
 891 F.2d 788, 798 (10th Cir.1989).
 
 [6]
 

 Petitioner next argues that the statutory construction principle of lenity should govern this case. The rule of lenity requires that unclear penal statutes must be construed in favor, of the accused.
 
 United States v. Parsons,
 
 967 F.2d 452, 456 (10th Cir.1992). The rule of lenity “is a doctrine of last resort, to be used only after the traditional means of interpreting authoritative texts have failed to dispel any ambiguities.”
 
 United States y. Hescorp, Heavy Equip. Sales Corp.,
 
 801 F.2d 70, 77 (2d Cir.),
 
 cert. denied,
 
 479 U.S. 1018, 107 5. Ct. 672, 93 L.Ed.2d 723 (1986). Any ambiguities, however, that may have been present in the statutory scheme challenged by petitioner have been resolved:
 

 The Colorado Supreme Court has interpreted Colorado sex offense parole statutes as dictating that parole for individuals convicted of a sex offense is discretionary, not mandatory.
 
 See Aue v.
 
 
 *602
 

 Diesslin,
 
 798 P.2d 436, 438 (Colo.1990);
 
 Thiret v. Kautzky,
 
 792 P.2d 801, 806 (Colo.1990)____ [N]o ambiguities have been created by the state court interpretation of Colorado’s sex offender parole statutes____
 

 Lustgarden v. Gunter,
 
 966 F.2d 552, 553 (10th Cir.1992). Resort to the rule of lenity is therefore unwarranted, as is any need to consider the legislative history of the statute,
 
 see Thiret,
 
 792 P.2d at 806.
 

 In the alternative, petitioner argues that even if this construction of the statute is correct, its application to him violates his constitutional rights. Although we are bound by the Colorado Supreme Court’s construction of state statutes,
 
 Lustgarden,
 
 966 F.2d at 553, our review of whether application of that construction offends the federal constitution is plenary.
 
 Helton v. Fauver,
 
 930 F.2d 1040, 1044 (3d Cir.1991). Petitioner asserts that his rights to due process and equal protection, rights based on the ex post facto clause, and his right to be free from cruel and unusual punishment have been violated. In
 
 Lustgarden
 
 this court addressed a challenge from a prison inmate to the same statutory parole scheme at issue here and rejected identical arguments based on the above constitutional provisions. 966 F.2d at 553-55. Petitioner’s arguments are similarly without merit, as is his conelusory claim that his protection against double jeopardy has somehow been abridged.
 
 [7]
 

 Petitioner further argues that principles of “reliance” preclude the enforcement of discretionary parole. We assume this reliance would flow from some sort of promise allegedly made to petitioner regarding the terms of his parole. There is no evidence in the record of any promise having been made by the sentencing court and no such promise can be construed as emanating from the statute or the parole board’s previous application of the statute.
 
 Lustgar-den,
 
 966 F.2d at 555.
 

 Petitioner finally refers to his accumulation of good time and earned time credits, which, he argues, entitles him to mandatory release. However, because Colo.Rev. Stat. § 17-2-201(5) gives the parole board sole discretion over petitioner’s parole, the grant of credits by the state has created no liberty interest in early release.
 
 Lustgar-den,
 
 966 F.2d at 555. Subjecting petitioner to discretionary parole does not violate his right to due process.
 
 Id.
 

 AFFIRMED.
 

 [1]
 

 . After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.
 
 See
 
 Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 

 [2]
 

 . We hereby grant petitioner’s request for a certificate of probable cause.
 
 See
 
 Fed.R.App.P. 22(b). Petitioner’s motion for appointment of counsel is denied.
 

 [3]
 

 . After the Colorado State Parole Board denied petitioner’s application for parole, he filed a petition for writ of habeas corpus in the United States District Court for the District of Colorado, without first seeking review of the board's action at the state level. This procedure was approved in
 
 Schuemann v. Colorado State Bd. of Adult Parole,
 
 624 F.2d 172, 173 (10th Cir.1980).
 

 [4]
 

 . The district court certified this question of state law to the Colorado Supreme Court, which declined to answer the question.
 

 [5]
 

 . We note that in
 
 Thiret
 
 the sentence for the sexual offense had been completely served before the petitioner became eligible for parole of any type on the attempted murder charge. The twelve-year sentence for sexual assault in this case, however, has not been completely served. Whether that factor would have any bearing on the
 
 Thiret
 
 analysis in a case where the governing sentence required mandatory parole, but a concurrent sentence for a sexual offense had not been completely served, is a question we do not address.
 

 [6]
 

 . Petitioner argues, as did the petitioner in
 
 Thir-et,
 
 that because he was not sentenced under the Sex Offenders Act, Colo.Rev.Stat. §§ 16-13-201-216, the discretionary parole provisions of Colo. Rev.Stat. § 17-2-201(5)(a) do not apply to him. This argument was rejected in
 
 Thiret,
 
 792 P.2d at 807, and is equally unavailing to petitioner.
 

 [7]
 

 . In Colorado, the privilege of parole is a grant of permission to serve the remainder of a sentence outside the prison walls while remaining under the custody and supervision of the Colorado Department of Corrections.
 
 People v. Hunter,
 
 738 P.2d 20, 22 (Colo.Ct.App.1986),
 
 aff'd,
 
 757 P.2d 631 (Colo.1988). Because the denial of parole does not change the length of a prisoner’s sentence, it is not the imposition "‘of more than one punishment for the same offense’” as prohibited by the double jeopardy clause.
 
 Cordova v. Romero,
 
 614 F.2d 1267, 1268 (10th Cir.) (quoting Brown
 
 v. Ohio,
 
 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)),
 
 cert. denied,
 
 449 U.S. 851, 101 S.Ct. 142, 66 L.Ed.2d 63 (1980).