52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dean Carl BARKER, Petitioner-Appellant,
v.
Aristedes W. ZAVARAS; Gail A. Norton, Attorney General of
the State of Colorado, Respondents-Appellees.
 No. 94-1316.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant Dean Carl Barker ("Barker") brings this pro se appeal of the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254.[2] For the reasons below, we affirm the decision of the district court.
 
 BACKGROUND
 
 3
 In 1982, Barker pled guilty in the Denver District Court to a charge of first degree sexual assault and was sentenced to a term of sixteen years in the Colorado Department of Corrections. Because Barker's offense was committed between July 1, 1979, and July 1, 1985, he was subject to "mandatory parole" under the Parole Board's then current interpretation of statutory mandatory parole provisions. See Thiret v. Kautzky, 792 P.2d 801, 805 (Colo.1990). Under that interpretation, good time credits were awarded at the rate of one day for every day served. Thus, unless the DOC affirmatively took action to withhold an inmate's credits, he would serve only half of his sentence. See id. at 805 n. 7. However, in 1988, Colorado's Assistant Attorney General issued an opinion to the Parole Board that sex offenders were not subject to mandatory parole. Instead, the Parole Board possessed the sole discretion to grant or deny such parole. See id. at 803 (interpreting Colo.Rev.Stat. 17-2-201(5)(a)). The Parole Board subsequently denied Barker's parole.
 
 
 4
 In 1990, Barker filed a motion for post-conviction relief under Colo. R.Crim. P. 35(c), arguing that he was entitled to mandatory parole and seeking immediate release. Barker argued that the retroactive application of the Parole Board's new discretionary review procedures resulted in violations of his rights to: (1) due process based on ex post facto prohibitions as applied to judicial interpretations; (2) no deprivation of "good time" credits without due process; (3) equal protection; and (4) ineffective assistance of counsel and inadequate advisement. The state trial court dismissed Barker's claims without hearing or significant comment.
 
 
 5
 On appeal, the Colorado Court of Appeals held that the trial court's dismissal without a hearing was improper with respect to all of Barker's claims, but that the dismissal of his ex post facto, due process, and equal protection claims was harmless error in view of the Colorado Supreme Court's recent decision in Aue v. Diesslin, 798 P.2d 436, 441 (Colo.1990) (holding that retrospective application of a decision that parole for sex offenders was discretionary did not offend either ex post facto principles embodied in the due process clause or equal protection principles).[3] The Colorado Court of Appeals did, however, remand the ineffective assistance of counsel and inadequate advisement claims to the trial court for an evidentiary hearing, findings of fact, and conclusions of law.
 
 
 6
 On remand, the trial court held that Barker's claims were time barred under Colo.Rev.Stat. 16-5-402, which limits collateral attacks on criminal trial judgments.[4] Barker did not appeal this decision to the Colorado Court of Appeals. Instead, he filed a "petition for writ of habeas corpus," pursuant to Colo.Rev.Stat. 13-45-101, directly with the Colorado Supreme Court, addressing all of the issues raised earlier, as well as a claim that the trial court had violated the appellate court's remand order by holding Barker's claims time barred when such a time bar had not been raised in the first trial court proceeding. The Colorado Supreme Court denied Barker's petition.
 
 
 7
 Barker then filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. 2254, in the United States District Court for the District of Colorado. The magistrate's recommendation treated Barker's petition as raising three issues: (1) deprivation of due process based on ex post facto prohibitions as applied to judicial interpretations; (2) deprivation of due process by failing to honor "good time" credits; and (3) application of time bar by the trial court as violative of the mandate of the state court of appeals. After noting that Barker had procedurally defaulted by failing to appeal the second trial court determination to the state court of appeals, the magistrate recommended that all of Barker's claims be dismissed on the merits. The district court essentially followed the magistrate's recommendation, dismissing the first claim because Barker had not shown that mandatory parole was a condition of his guilty plea, and the second and third claims as raising only state--not federal--issues.
 
 
 8
 We agree with the district court's dismissal of all of Barker's claims, but affirm for different reasons on all of the claims except the time bar issue. We read Barker's petition as raising the issues of equal protection and deprivation of "good time" credits without due process in his federal habeas petition. We do not, however, believe that he has raised the due process, ex post facto issue in his habeas petition. However, to the extent that Barker has raised any or all of these three issues, this circuit has held that the Colorado Supreme Court's interpretation of the sex offense parole statute as dictating discretionary--not mandatory--parole for all convicted individuals--regardless of offense date--does not violate due process ex post facto concerns, due process deprivation of "good time" credits concerns, or equal protection concerns. Lustgarden v. Gunter, 966 F.2d 552, 554 (10th Cir.), cert. denied, 113 S.Ct. 624 (1992).
 
 
 9
 Contrary to the magistrate and the district court, we read Barker's petition as raising the issue of ineffectiveness of counsel and inadequate advisement. However, Barker is barred from asserting this claim in a federal habeas petition because he failed to appeal the state trial court's dismissal of the claim to the state court of appeals. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).
 
 
 10
 As to Barker's claim that the trial court's application of time bar violated the mandate of the state court of appeals, we agree with the magistrate that this is entirely an issue of state law and, therefore, beyond the scope of our review.
 
 CONCLUSION
 
 11
 For the foregoing reasons, we AFFIRM the decision of the district court to dismiss Barker's petition. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We hereby grant Baker's application to proceed in forma pauperis, pursuant to 28 U.S.C.1915(a). We also issue a certificate of probable cause pursuant to 28 U.S.C. 2253 and proceed to the merits on appeal
 
 
 [3]
 Barker then filed a petition for certiorari with the Colorado Supreme Court as to these issues that was denied
 
 
 [4]
 In Barker's first appeal, the court of appeals had refused to address the issue of whether the claims were time barred because the government had failed to raise this in the first proceedings before the trial court