**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JEROLD G. CAUTHON,

Petitioner-Appellant,

v.

KANSAS PAROLE BOARD and
MICHAEL A. NELSON,

Respondents-Appellees.

No. 96-3377
(D.C. No. 95-CV-3016)
(D. Kan.)

ORDER AND JUDGMENT*

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered

submitted without oral argument.

Petitioner Jerold G. Cauthon, appearing pro se and having been granted leave to

proceed in forma pauperis, requests a certificate of appealability to appeal the district

court's denial of his habeas corpus petition.

---

* This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Cauthon was convicted in Kansas state court in 1982 of aggravated robbery, two counts of arson, and illegal possession of a firearm. In 1987, he was convicted of aggravated escape from custody. His controlling sentence is 9 to 32 years. Although initially paroled on April 6, 1990, he subsequently violated the terms of his parole by leaving a drug treatment program without permission and failing to report to his parole officer as scheduled. The Kansas Parole Board revoked his parole in February 1993. He was reconsidered for parole in July 1993, December 1993, and July 1994, and was passed for future parole consideration on each occasion. Cauthon's next consideration for parole is scheduled for August 1997.

After exhausting state habeas remedies, Cauthon filed a petition for writ of habeas corpus in the district court, claiming the Parole Board lacked statutory authority to deny him parole after August 1993. Cauthon contended that by doing so, the Parole Board acted outside its statutory authority and in violation of his constitutional rights. He also contended the Parole Board's actions subjected him to double jeopardy.

Cauthon may not appeal the district court's denial of his habeas petition unless we grant his application for a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). In order to obtain a certificate of appealability, Cauthon must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because we agree with the district court that the Parole Board had statutory authority to deny parole after August 1993 and Cauthon's constitutional rights were not violated by its doing so, we conclude Cauthon has failed to make the necessary showing. See Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole."); Kell v. U.S. Parole Com'n, 26 F.3d 1016, 1020 (10th Cir. 1994) ("Parole determinations are not viewed as criminal punishment subject to the Double

Jeopardy Clause."); see also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979) (convicted individual has no constitutional right to conditional release after expiration of valid sentence).

Cauthon's application for a certificate of appealability is DENIED and this appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge