**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**JUL 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ALVARO PEREZ,

        Petitioner-Appellant,

v.

ROBERT FURLONG, Warden of the
Limon Correctional Facility; GALE
NORTON, Attorney General of the
State of Colorado,

        Respondents-Appellees.

No. 96-1281
(D.C. No. 95-B-3213)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Petitioner Alvaro Perez appeals from the denial of habeas relief sought under 28 U.S.C. § 2254. Adopting the recommendation of the magistrate judge, the district court rejected petitioner's claims as both meritless and procedurally barred. As explained below, we agree on the merits and therefore need not reach the procedural bar ruling.

In 1986, petitioner pled guilty to first-degree sexual assault, with a mandatory sentence for violent crime, in exchange for dismissal of an associated charge of second-degree kidnaping. He received a fifteen-year sentence, well within the applicable range of twelve to twenty-four years. At the time, the state parole board interpreted the pertinent statutes to require mandatory release, ordinarily at mid-sentence (the parole date as determined by deducting vested good time and earned time credits), for crimes like petitioner's committed between July 1, 1979 and July 1, 1985. However, the board later changed its view, reading the same statutory scheme to except such sex offenses from mandatory parole, and the state supreme court adopted the same interpretation in Thiret v. Kautzky, 792 P.2d 801 (Colo. 1990).

Thereafter, petitioner sought post-conviction relief on the ground that his plea was involuntary, based as it was on the nullified premise that release would be mandatory at mid-sentence. The state trial and appellate court rejected the claim as barred by the three-year limitation period in Colo. Rev. Stat. § 16-5-402,

holding petitioner lacked a justifiable excuse for not objecting to the loss of his mandatory-parole entitlement earlier, even though the entitlement was then still recognized by the board. The supreme court denied certiorari. On rehearing, petitioner allegedly added the unsuccessful argument that, by barring claims for as-yet unaccrued grievances, the limitation statute was unconstitutional.

This proceeding followed. Alleging that the (mis)understanding regarding mandatory parole, shared by all participants in his prosecution, constituted a material part of his agreement to plead guilty, petitioner claimed his plea was rendered involuntary when this "plea bargain" was breached. (He also couched this claim in terms of a constitutionally inadequate understanding of the penal consequences of his plea caused by a material misrepresentation by counsel.) In addition, he asserted that the state courts' application of § 16-5-402 violated due process by barring his claim before it had accrued.

The magistrate judge recommended denying the petition on both procedural and substantive grounds. The judge held petitioner's present claims had not been advanced, in sufficiently federal-constitutional terms, in the state proceedings and, therefore, were unexhausted. Applying the "anticipatory denial" rule of <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.* (1991), the judge concluded the claims were now procedurally defaulted in state court and, finding no cause for this default, held they were procedurally barred in federal habeas. <u>See</u> <u>Gray v.</u>

Netherland, 116 S. Ct. 2074, 2080 (1996).  On the merits, the judge held that petitioner's parole misunderstanding did not warrant relief under Hill v. Lockhart, 474 U.S. 52 (1985), and that § 16-5-402 constituted a "reasonable" limitation on the assertion of federal rights permitted under Francis v. Henderson, 425 U.S. 536 (1976), and Michel v. Louisiana, 350 U.S. 91 (1955).  The district court approved the magistrate judge's recommendation, and dismissed the petition.

We agree petitioner's plea challenge fails on the merits.  Construed as asserting the state breached his plea bargain, the claim lacks the necessary factual premise--there is no evidence the state made any promises about mandatory parole.  "That all of the parties may have understood mandatory parole to apply at the time of the plea does not make this a part of the plea agreement." Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996); see also Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) (defense counsel's promise of mandatory parole would not bind government).

Construed as asserting counsel misrepresented, and petitioner consequently misunderstood, the availability of mandatory parole, the claim lacks the requisite showing of reliance or prejudice.  Petitioner "did not allege in his habeas petition that, had counsel correctly [anticipated the change in parole availability] . . ., he would have pleaded not guilty and insisted on going to trial." Hill, 474 U.S. at 60.  Further, he has not alleged, and nothing in the transcript excerpt attached to

-4-

the petition suggests, he voiced any reliance on mandatory parole when entering his plea; rather, the transcript reflects a different, and fully adequate, motivation for the plea--the prosecution's agreement to drop a second serious felony charge. Cf. Cunningham, 92 F.3d at 1062. Finally, this case presents no "special circumstances" suggesting petitioner might have placed particular emphasis on mandatory parole in his decision whether to plead or go to trial:

> Indeed, petitioner's mistaken belief that he would become eligible for [mandatory] parole after serving one-[half] of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also [and equally] his calculation of the time he likely would serve if he went to trial and were convicted.

Hill, 474 U.S. at 60.

Under the circumstances, habeas relief was properly denied on the merits. This conclusion obviates any need to consider federal procedural-bar principles or the constitutionality of § 16-5-402 as applied to petitioner.

The judgment of the district court is AFFIRMED. Petitioner's second motion for appointment of counsel is denied. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge