**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BRENT A. GOLDEN,

      Petitioner-Appellant,

v.

JOSEPH BROOKS,

      Respondent-Appellee.

No. 97-1310

(D.C. No. 97-D-790)
(D.C. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **BALDOCK**, **EBEL** , and **MURPHY**, Circuit Judges.[**]

---

Petitioner, appearing pro se, appeals the dismissal of his 28 U.S.C. § 2241 petition

for a writ of habeas corpus for failure to exhaust administrative remedies. Our

jurisdiction arises under 28 U.S.C. § 1291. We affirm.

---

    [*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**]     After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On October 11, 1994, the district court sentenced Petitioner to 24 months imprisonment. On January 17, 1997, Petitioner filed a motion to amend the judgment arguing that he should be given credit for the 266 days he served at the Metropolitan Correctional Center while awaiting trial. The Government did not object to the motion and on January 29, 1997, the district court amended its judgment accordingly. On March 10, 1997, the Government filed a motion for reconsideration of the district court's January 29, 1997, order, arguing that the motion to amend judgment should not have been granted because Petitioner (1) had already received credit from the Bureau of Prisons for the time served, and (2) had not exhausted his administrative remedies. The district court agreed and vacated the amended judgment. Petitioner then filed his petition for a writ of habeas corpus. The district court referred the matter to a magistrate judge for recommendation, pursuant to 28 U.S.C. § 636(b). The district court adopted the magistrate judge's recommendation and dismissed the petition for failure to exhaust administrative remedies.

In reviewing the district court's dismissal of a 28 U.S.C. § 2241 petition, we review the district court's legal conclusions *de novo*. Lustgarden v. Gunter, 966 F.2d 552, 553 (10th Cir. 1992). After reviewing the parties' briefs, pleadings, and the entire record before us, we agree with the decision of the district court. Petitioner has clearly not exhausted his administrative remedies. Therefore, he is precluded from seeking relief

2

under 28 U.S.C. § 2241 until his administrative remedies are exhausted.[1]  Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986).  Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[1]Petitioner's motion to proceed in forma pauperis is also denied.