**F I L E D**
United States Court of Appeals
Tenth Circuit

**JAN 27 2000**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VIRGIL P. FOX,

Petitioner-Appellant,

v.

GARY STOTTS,

Respondent-Appellee.

No. 99-3231

District of Kansas

(D.C. No. 96-3185-RDR)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

## I.    Background[1]

Virgil Fox, a Kansas state prisoner serving two life sentences in a Florida

correctional facility, filed a petition for a writ of habeas corpus with the district

court.  The district court denied the petition on June 23, 1999, and Mr. Fox

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cause is, therefore, ordered submitted without oral argument.

appeals. Mr. Fox appeals alleging the Kansas Parole Board violated his Due Process and/or Equal Protections under the Fourteenth and Fifth Amendments when it prevented his personal appearance at parole hearings held by the Kansas parole Board while he was confined out of state.

In 1981, Mr. Fox was convicted in the State of Kansas following a guilty plea to two counts of aiding and abetting kidnaping and first degree murder. In March 1990, the Kansas Department of Corrections transferred Mr. Fox to the State of Florida, in accordance with the Interstate Corrections Compact, Kan. Stat. Ann. § 76-3002 (hereinafter Compact), for protective reasons. While Mr. Fox was incarcerated in Florida in August 1991, the Kansas Parole Board held a hearing in absentia, in which it passed him for parole until August 1994. At that time, the Kansas Parole Board held a second in absentia hearing, denying him parole and stating its reasons in an action notice dated August 24, 1994. Mr. Fox was, however, provided a courtesy interview with a Florida parole examiner in May 1994, the results of which were forwarded to the Kansas Parole Board.

In his pro se petition for a writ of habeas corpus, Mr. Fox claimed that the Kansas Parole Board denied him due process or equal protection when it did not allow him to be present at his Kansas parole hearing. See Rec., doc. 2, at 3-10 (Petition for Writ of Habeas Corpus) (hereinafter Petition). He argued further that the State of Florida's "courtesy review procedures" were inadequate. See id.

On June 23, 1999, the district court denied the petition, holding that Mr. Fox had no procedural due process right to be present at Kansas parole hearings. See Rec., doc. 15, at 2 (Dist. Ct. Order filed June 23, 1999) (hereinafter Order). The district court also held that Florida was not required to apply Kansas rules and regulations during its parole hearings. See id. at 3 On September 30, 1999, the district court issued a certificate of probable cause to allow Mr. Fox to proceed in forma pauperis on appeal.[2]

## II. Discussion

We review a district court's denial of a petition for writ of habeas corpus de novo. See Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998). We accept the district court's factual findings, unless they are clearly erroneous. See Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995). For the substantially the same reasons stated by the district court, we affirm the district court's denial of the petition for a writ of habeas corpus.

The Due Process clause of the Fifth Amendment, applied to the states through the Fourteenth Amendment, "shields from arbitrary or capricious

---

[2] See Rec., doc. 23. Mr. Fox filed his petition on April 15, 1996, prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act. Therefore, his appeal requires no certificate of appealability. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Further, the filing fee obligations imposed by the Prison Litigation Reform Act, effective April 26, 1996, do not apply. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).

deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" Harper v. Young, 64 F.3d 563, 564 (10th Cir. 1995). Generally, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); see Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole."). However, a state may provide a statutory liberty interest through the use of mandatory language in its parole statute, which limits the parole board's discretion or creates a presumption of release. See id. (interpreting Nebraska statute to mandate parole unless one of several enumerated conditions applied); Board of Pardons v. Allen, 482 U.S. 369 (1987) (similarly interpreting Montana statute to create a liberty interest in parole). In light of those cases, the Supreme Court of Kansas interpreted its own parole statute, Kan. Stat. Ann. § 22-3717, and determined that discretion to grant or deny parole remains with the parole board. See Gilmore v. Kansas Parole Board, 756 P.2d 410, 415-16 (Kan. 1988).

> [T]he Kansas parole statute does not give rise to a liberty interest when the matter before the Board is the granting or denial of parole to one in custody. Parole, like probation, is a matter of grace in this state. It is granted as a privilege and not as a matter of fundamental right.

Id. at 15. Absent certain circumstances not present here, the state court's interpretation of the state statute is controlling in federal court. See Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).

"Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995) (quoting Slocum v. Georgia State Board of Pardons and Paroles, 678 F.2d 940, 942 (11th Cir. 1982)); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) ("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). Because there is no liberty interest in the parole hearing, we need not address Mr. Fox's claims of inadequacy of the Florida courtesy parole interview.

Finally, we agree with the district court that the creation of two classes of Kansas inmates (in-state and out-of-state) does not violate Equal Protection. Because prisoners are not a suspect class and there is no fundamental constitutional right to parole, we review under the rational basis test. See Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir.1989) (stating that prisoners are not a suspect class and "parole consideration is not a fundamental right requiring a higher level of scrutiny"). The costs and difficulties of transporting prisoners

provides a rational basis for the classification.  See <u>Jaben v. Moore</u>, 788 F. Supp. 500, 505 (D. Kan. 1992).


## III.    Conclusion

The district court correctly denied Mr. Fox's petition.  Accordingly, we AFFIRM the district court's order of denial.


                                    Entered for the Court,



                                    Robert H. Henry
                                    Circuit Judge