**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK ALONZO HINES,

      Plaintiff-Appellant,

v.

TERRY JENKS, J.D. DANIELS,
SUSAN BUSSEY, STEPHANIE
CHAPPELLE, CURRIE BALLARD,
PAT MORGAN, and MARC
DREYER, Dr.,

      Defendant-Appellant.

No. 03-6298

(W.D. Oklahoma)

(D.C. No. 03-CV-965-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1. The case is

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

therefore ordered submitted without oral argument.

Patrick Alonzo Hines, a state prisoner appearing pro se, brought suit pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his due process and equal protection rights in denying him parole. The district court dismissed Mr. Hines's complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Mr. Hines now appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Since his conviction for first-degree rape, Mr. Hines has been denied parole on three occasions, most recently in September 2002. The defendants were all members of the Oklahoma Pardon and Parole Board at the time of Mr. Hines's last parole hearing. In his complaint, Mr. Hines alleges that: 1) the defendants violated his due process and equal protection rights by denying him parole based on the classification of his crime rather than his individual merit; and 2) the defendants violated his due process and equal protection rights by applying Oklahoma's 1989 House Joint Resolution 1004 in a discriminatory manner.

The district court referred the matter to a magistrate judge, who issued a report and recommendation concluding that the complaint should be dismissed for failure to state a claim on which relief may be granted. Over Mr. Hines's objections, the district court adopted the magistrate's report and recommendation.

-2-

The court held that: 1) Mr. Hines failed to state a claim for money damages against the defendants, as they are immune from suit in both their official or individual capacities; 2) Mr. Hines failed to establish a due process violation because he had no liberty interest in an early release; and 3) Mr. Hines failed to establish an equal protection violation because he has not alleged any facts to support his claim that similarly situated individuals receive preferential treatment in the parole process.

## II. DISCUSSION

We review de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Since Mr. Hines is proceeding pro se, we liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

On appeal, Mr. Hines challenges only the district court's rulings as to his claims for declaratory and injunctive relief.

### A. Due Process

As to Mr. Hines's due process claim, we agree that "Oklahoma's statutory parole scheme is discretionary and therefore, does not create a liberty interest in early release." Rec. doc. 3, at 5 (Magistrate Judge's Report & Recommendation, filed July 29, 2003). Mr. Hines argues that the Oklahoma Truth in Sentencing Provision of OKLA. STAT. tit. 22, § 1514 (1994), which became effective after the

cases relied upon by the district court were decided, altered the law so as to create a liberty interest in early release. However, in *Shabazz v. Keating*, 977 P.2d 1089 (Okla. 1999), decided after the effective date of OKLA. STAT. tit. 22, § 1514, the Oklahoma Supreme Court reiterated that

> there is no protectible liberty interest in an Oklahoma parole. According to the teachings of *Phillips v. Williams*, [608 P.2d 1131, 1135 (Okla. 1980)], [Oklahoma's] parole release procedure, which affords no more than an expectation (or hope) of parole, is not surrounded with due process protection. No due process strictures can be applied to test the permissible parameters of the parole process. This is so because the parole function neither leads to nor may ripen into a liberty interest.

*Id.* at 1093.

Oklahoma's House Joint Resolution 1004, H.R.J. Res. 1004, 42d Leg., 1st Reg. Sess. (Okla. 1989), which established the Residential Sex Offender Treatment Program, does not alter our analysis. As the district court observed, House Joint Resolution 1004 "in no way mandates parole following completion of a sexual offender treatment program." Rec. doc. 3, at 6. Because he has failed to establish a constitutionally protected liberty interest in his parole, Mr. Hines's due process claim cannot succeed.

## B.     Equal Protection

Mr. Hines's equal protection claim also fails. Mr. Hines argues that "similarly situated inmates have been treated differently and that there is no rational relationship between the dissimilar treatment and any legitimate penal

interest." Aplt's Br. at 10. Specifically, he contends that individuals convicted of "other violent crimes in the highest level of security category of the Department of Corrections" are paroled while individuals convicted of first-degree rape are not, *id.* at 9, and that convicted child molesters who complete the Residential Sex Offender Treatment Program are routinely paroled while convicted rapists who complete the same program are not.

Sex offenders are not members of a suspect class, *see Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992), nor is there a fundamental right at stake in this case. *See id.* (noting that "[p]arole is a privilege; there is no constitutional or inherent right to parole"). As such, Mr. Hines "must prove that the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). We have observed that the Department of Corrections may "classify inmates differently because of slight differences in their histories, . . . [or] because some still seem to present more risk of future misconduct than others." *Id.* Moreover, the denial of Mr. Hines's parole bears a rational relationship to the "legitimate state interest of monitoring the reintroduction into society of sex offenders for purposes of public safety." *Lustgarden*, 966 F.2d at 555.

Finally, as the magistrate judge observed, "to the extent [Mr. Hines] claims

he was unconstitutionally denied parole and he seeks release from state custody, a petition for writ of habeas corpus is his sole remedy, after exhaustion of available state remedies." Rec. doc. 3, at 7-8 (citing, *inter alia*, 28 U.S.C. § 2254 (b)(1)(A) and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

### III. CONCLUSION

Accordingly, we conclude that Mr. Hines has failed to establish a violation of his due process or equal protection rights. The district court's dismissal of Mr. Hines's complaint is AFFIRMED.

Entered for the Court,


Robert H. Henry,
Circuit Judge