F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY R. CALLIS,

      Petitioner-Appellant,

v.

JOE ORTIZ; BOB KURTZ; JOHN
SUTHERS, Attorney General of the
State of Colorado,

      Respondents-Appellees.

No. 07-1048
(D.C. No. 04-CV-00256-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Timothy R. Callis, a state prisoner proceeding pro se, requests a certificate

of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C.

§ 2254 habeas petition.  For substantially the same reasons set forth by the district

court, we **DENY** a COA and **DISMISS** the appeal.

**I**

Callis is currently serving a life sentence for his conviction of first-degree

felony murder and lesser concurrent sentences for related convictions of robbery

and first-degree burglary.  In July 2001, after the Colorado Parole Board ("the

Board") denied his application for parole, Callis brought an action in Pueblo

County District Court seeking a writ of habeas corpus. He argued that the Colorado Department of Corrections ("CDOC") and the Board were improperly interpreting and applying Colorado's parole statute to his life sentence. The state trial court denied his request for relief, concluding that Callis' admission to the court that parole was discretionary rendered his argument for mandatory parole moot. Callis appealed the trial court's determination, and despite his admission, the Colorado Court of Appeals reviewed his arguments on the merits. The appellate court concluded that the Board had discretion under Colorado law whether to grant or refuse parole and the Colorado Supreme Court subsequently denied his petition for certiorari.

Callis next brought a § 2254 habeas petition advancing three claims related to CDOC's and the Board's interpretation and application of the parole statute to his life sentence: (1) The statute is ambiguous and the state should therefore have applied the rule of lenity when interpreting it; (2) The interpretation violates the Ex Post Facto Clause of the United States Constitution because it imposes a punishment more severe than the one assigned to him when convicted; and (3) The interpretation violates the Due Process Clause of the federal Constitution because fundamental fairness dictates that he not be treated more harshly than intended at the time of his sentencing.

Construing Callis' § 2254 petition as a § 2241 petition, the district court denied Callis' application for habeas relief. As to his first claim, the court found

that Callis' rule of lenity argument was premised on an issue of state law not cognizable in a habeas proceeding. As to the ex post facto claim, the court determined that the Board's decision on whether to grant parole was purely discretionary and thus did not violate the federal Constitution. As to the final claim, the court held that Callis had no liberty interest implicating the protections of the Due Process Clause. Callis now appeals from the district court's decision and seeks a COA from this court.

## II

At the threshold, we note that although Callis originally filed his petition under 28 U.S.C. § 2254, his petition is more properly construed as a petition under 28 U.S.C. § 2241 because he challenges the fact or duration of the execution of his sentence, rather than the validity of his underlying sentence or conviction. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997).

Unlike a federal prisoner, a state prisoner proceeding under § 2241 must obtain a COA to appeal a denial of habeas relief. Montez, 208 F.3d at 867; 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Callis to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Accordingly, Callis may not appeal the district court's decision absent a grant of a COA by this court.

Under § 2241, a state prisoner is entitled to habeas relief if he can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). We review a district court's denial of a § 2241 petition de novo. Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007).

## III

Callis renews on appeal each of the three claims he asserted in the district court. He first argues that he is entitled to habeas relief because CDOC's and the Board's interpretation of Colorado Revised Statute § 17-2-201(5)(a) violates the rule of lenity. That statute provides:

> As to any person sentenced for conviction of a felony committed prior to July 1, 1979 . . . the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted, but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court or five years, whichever is less . . . .

Colo. Rev. Stat. § 17-2-201(5)(a). Callis asserts that the statutory language "whichever is less" is ambiguous as to whether his life sentence should be limited to twenty years of imprisonment, the minimum time he is required to serve for his felony murder conviction, see Colo. Rev. Stat. § 17-22.5-104(2)(b) ("No inmate

imprisoned under a life sentence for a crime committed on or after July 1, 1977 . . . shall be paroled until such inmate has served at least twenty calendar years . . . ."), followed by a five-year maximum parole period.[1] He claims that as a result of this perceived ambiguity, § 17-2-201(5)(a) should be construed in favor of lenity and that it should be read to grant him mandatory parole after his completion of the statutorily-defined minimum twenty years of his life sentence.

Callis' rule of lenity argument is premised on attacking the state court's interpretation of a state statute; it does not involve any contention that he is in custody in violation of the federal Constitution or laws of the United States. Accordingly, Callis is not entitled to habeas relief on this first claim. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Callis asserts that CDOC's and the Board's application of the parole statute, as well as the interpretation given to it by the Colorado Court of Appeals, violates the Ex Post Facto Clause of the United States Constitution by increasing his punishment.[2] To violate the Ex Post Facto Clause, a law must be retrospective

---

[1] Callis' crimes were committed on December 14, 1978. He was convicted by a jury on October 29, 1979.

[2] The record on appeal is unclear as to whether Callis exhausted his two

(continued...)

and must "alter[] the definition of criminal conduct or increas[e] the punishment for [a] crime" after it has been committed. Lynce v. Mathis, 519 U.S. 433, 441 (1997). A judicial enlargement of a statute, on the other hand, violates ex post facto principles only if the court's interpretation of the statute is unforeseeable.[3] Lustgarden, 966 F.2d at 554. The Colorado parole statute unequivocally provides, and has provided since the time of Callis' sentencing, for Board discretion to grant or refuse parole to a person convicted of a felony committed prior to July 1, 1979. Compare Colo. Rev. Stat. § 17-2-201(5)(a)(2004) with Martin v. People, 27 P.3d 846, 849 (Colo. 2001) (quoting Colo. Rev. Stat. § 39-18-1(4) (1971) and giving history of current § 17-2-201(5)(a)). The Colorado Court of Appeals' interpretation of the statute in Callis' post-conviction

---

[2](...continued)
constitutional claims in the underlying state proceedings. Despite this ambiguity, we need not decide whether to dismiss his application on exhaustion grounds, because we ultimately decide that his claims are without merit. See Moore v. Schoeman, 288 F.3d 1231, 1232 (10th Cir. 2002).

[3] Callis erroneously relies on the Ex Post Facto Clause rather than the Due Process Clause to assert his claim that an unforeseeable interpretation and application of the parole statute has enlarged his sentence. "The Ex Post Facto clause is a limitation upon the powers of the Legislature . . . and does not of its own force apply to the Judicial Branch of government." Marks v. United States, 430 U.S. 188, 191 (1977) (citations omitted). Because his rights arise out of a judicial or administrative interpretation of the statute, they are appropriately characterized as deriving from the Due Process Clause. Lustgarden v. Gunter, 966 F.2d 552, 554 (10th Cir. 1992). Nevertheless, because we construe his pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we interpret his challenge as raising a due process issue and apply the ex post facto principles applicable in the due process context. See Lustgarden, 966 F.2d at 554.

proceeding was therefore foreseeable and does not violate ex post facto principles.

In his final claim, Callis asserts that the interpretation and application of the parole statute violates principles of fundamental fairness implicit in the Due Process Clause. To present a cognizable due process claim, Callis must show that he possessed a recognized liberty interest in parole. See Malek v. Haun, 26 F.3d 1013, 1015 (10th Cir. 1994). A liberty interest in parole arises only when a person has "a legitimate claim of entitlement to it." Id. Because the Board may, in its discretion, refuse to grant parole to a person that has served a twenty-year minimum sentence, we conclude that Callis has no cognizable entitlement to a liberty interest. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983) ("If the decisionmaker is not required to base its decisions on objective and defined criteria, but instead can deny the requested relief for any constitutionally permissible reason or for no reason at all, the State has not created a constitutionally protected liberty interest." (quotations and citations omitted)). It follows that his due process claim is without merit.

**IV**

Finally, because we conclude that Callis presents a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal,"

<u>McIntosh</u>, 115 F.3d at 812 (quotation omitted), we **GRANT** his motion to proceed on appeal in forma pauperis.

Callis' request for a COA is **DENIED**, and his appeal is **DISMISSED**.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge