**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PHILLIP KEVIN BUSH,

       Petitioner - Appellant,

  v.

GARY NEET, Warden; JOHN W.
SUTHERS, Attorney General of the
State of Colorado,[*]

       Respondents - Appellees.

No. 03-1481

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 01-B-439-BNB)

---

Submitted on the briefs:

Phillip K. Bush, Pro Se.

Ken Salazar, Attorney General, John J. Fuerst III, Assistant Attorney General,
Appellate Division, Criminal Justice Section, Denver, Colorado for Respondents.

---

Before **HARTZ**, and **BALDOCK**, Circuit Judges, and **BRIMMER**,[**] District
Judge.

---

[*]    John W. Suthers, Attorney General for the State of Colorado, is substituted
as a respondent-appellee. *See* Fed. R. App. P. 43(c)(2).

[**]    The Honorable Clarence A. Brimmer, District Judge, United States District
Court for the District of Wyoming, sitting by designation.

**HARTZ**, Circuit Judge.

Applicant Phillip Kevin Bush, a Colorado state prisoner proceeding pro se, filed an application under 28 U.S.C. § 2254 seeking relief from his state-court convictions. The federal district court denied relief and declined to issue a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to proceed on appeal). This court granted a COA on whether the plea agreement entered into by Mr. Bush and the government is enforceable. We affirm the district court's denial of habeas relief. [1]

*Background*

Mr. Bush entered guilty pleas in March 1984 to charges of sexual assault, burglary, and aggravated robbery. He also entered guilty pleas to two habitual-criminal counts based on his prior convictions. Other charges were dismissed as part of the plea bargain. The parties stipulated that Mr. Bush would receive a prison sentence of 25 to 30 years. The state trial court imposed a sentence of 30 years, within the stipulated range.

At the time, the state parole board interpreted the pertinent statutes to

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

require mandatory release on parole after an inmate served about half his sentence, considering the inmate's good-time and earned-time credits, for crimes like Mr. Bush's committed between July 1, 1979, and July 1, 1985. Under this interpretation Mr. Bush's anticipated release date was in 1997. The parole board later changed its view, however, reading the same statutory scheme to except sex offenses from the requirements pertaining to mandatory parole. *See generally Cunningham v. Diesslin*, 92 F.3d 1054, 1056-57 & nn.2-3 (10th Cir. 1996); *Lustgarden v. Gunter*, 966 F.2d 552, 553 n.2 (10th Cir. 1992). In November 1994 the parole board informed Mr. Bush that under the new interpretation his projected release date is in 2016, based on this sentence and the sentence for a prior conviction.

Mr. Bush's state-court motion for post-conviction relief was denied by the state trial and appellate courts. He then filed his § 2254 application. The federal district court denied relief and this court granted a COA on the issue stated above. We deny a COA on the remaining issues. We need not address Respondents' contention that the claim on which we have granted a COA is procedurally barred, "because the case may be more easily and succinctly affirmed on the merits." *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000).

*Standards of Review*

A state court's adjudication on the merits must be upheld by a federal court unless it (1) resulted in a decision that was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). The state court's factual findings are presumed correct and must be credited unless the applicant produces clear and convincing evidence to rebut the presumption. *Id.* § 2254(e)(1).

A state-court decision is contrary to established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state-court decision is an unreasonable application of federal law under § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. What is "reasonable" is determined under an objective test rather than by, say, determining whether a judge somewhere has so ruled. *See id.* at 409-10.

*Analysis*

Mr. Bush asserts that he is entitled to relief because his guilty plea was based on his understanding, confirmed by his attorney, that he would be eligible for mandatory parole after serving half his sentence. We disagree. To begin with, Mr. Bush cannot rely on any breach of promise. The plea agreement does not contain any promise of mandatory parole. Nor did the state trial court promise Mr. Bush that he would serve only half the sentence. In fact, before accepting his guilty pleas the state trial court asked Mr. Bush if anyone had promised him anything that was not contained in the written plea stipulation, other than the representations made on the record that two other jurisdictions would run any sentences they might impose concurrently with the sentence imposed in this case. He responded that no other promises had been made. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Even if Mr. Bush's attorney had advised him that he would receive mandatory parole, that advice would not bind the prosecution. *Lustgarden*, 966 F.2d at 555. And "the fact that the Parole Board had previously misapplied the statute does not constitute [a] promise." *Id.*

Nor does Mr. Bush's misunderstanding undermine the validity of his plea. "It is well settled that a voluntary and intelligent plea of guilty made by an

accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A guilty plea, "perfectly valid when made," will not be set aside due to later changes in the law. *McMann v. Richardson*, 397 U.S. 759, 773-74 (1970). The defendant "assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts." *Id.* at 774. *See Bailey v. Cowley*, 914 F.2d 1438, 1441 (10th Cir. 1990) (per curiam) ("[W]hen a defendant pleads guilty, he makes a decision based on a calculated risk that the consequences that will flow from entering the guilty plea will be more favorable than those that would flow from going to trial. This inherent uncertainty does not make the plea involuntary.").

As we said in *Cunningham*, "a defendant's understanding he will serve less than his full sentence does not alone render his guilty plea constitutionally infirm. The defendant's belief must be based upon some other additional factor, such as coercion or material misrepresentation by the prosecutor." 92 F.3d at 1061 (citation omitted). In *Cunningham*, as is alleged by Mr. Bush in this case, the defendant's attorney told him that mandatory parole would apply to him. *Cunningham* might be distinguished because "the habeas court . . . found that Cunningham did not rely on that advice when he accepted the plea," whereas here Mr. Bush asserts that he *did rely* on his attorney's advice that mandatory parole would apply to him. Nevertheless, this reliance is not enough for him to prevail.

"Although [a defendant] might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann*, 397 U.S. at 774. "When an involuntariness claim rests on the faulty legal decisions or predictions of defense counsel, the plea will be deemed constitutionally involuntary only when the attorney is held to have been constitutionally ineffective." *Worthen v. Meachum*, 842 F.2d 1179, 1184 (10th Cir. 1988), *overruled on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991). Mr. Bush suggests no reason why his counsel was ineffective in relying on the then-current practice of the parole board regarding awards of good time and earned time. Accordingly, we hold that even if Mr. Bush relied on his attorney's mistaken (but not constitutionally defective) advice that mandatory parole would apply to him, his guilty plea was not involuntary.

*Conclusion*

The state court's decision to deny Mr. Bush post-conviction relief was objectively reasonable in light of Supreme Court precedent. We therefore AFFIRM the district court's order denying the § 2254 application. Mr. Bush has filed a motion to proceed without prepayment of costs and fees. The motion is GRANTED. Mr. Bush is reminded that he is obligated to continue

-7-

making partial payments until the entire fee has been paid.

The mandate shall issue forthwith.