**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CORNELL JOE PARKER,

     Petitioner - Appellant,

v.

EDWARD EVANS, Interim Director,
Oklahoma Department of Corrections,

     Respondent - Appellee.

No. 14-5005
(D. Ct. No. 4:10-CV-00757-TCK-PJC)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Cornell Joe Parker, proceeding pro se,[1] and having unsuccessfully moved in federal district court for habeas relief under 28 U.S.C. § 2254, seeks a certificate of appealability ("COA") for this court to review four issues. *See* 28 U.S.C. § 2253(c)(1)(A). We deny COA as to all four issues and dismiss this matter.

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Parker is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

## I. BACKGROUND

### A. *State Trial Court Proceedings*

Alleging that in August 2007, Mr. Parker and two other individuals robbed, beat, and shot a man they met at a bar, the State of Oklahoma charged him with Shooting with Intent to Kill, Robbery with a Firearm, Kidnapping, Larceny of an Automobile, Arson, and Felon in Possession of a Firearm. On the morning of trial, Mr. Parker moved to change his plea. Defense counsel advised Mr. Parker about the range of years he would face for the six counts, but he misstated the statutory minimums for three of the counts.[2] At the change of plea hearing, the trial judge, after reading out loud the plea form prepared by defense counsel containing the misstatements, corrected the range on

---

[2] This table summarizes the misstated and correct ranges, and the actual sentence imposed:

| Count | Misstated Range | Correct Range | Sentence Imposed |
|---|---|---|---|
| Shooting with Intent to Kill | N/A | 20 years to life | 25 years |
| Robbery with a Firearm | N/A | 20 years to life | 25 years |
| Kidnapping | N/A | 20 years to life | 10 years[†] |
| Larceny of an Automobile | 6 years to life | 9 years to life | 5 years[†] |
| Arson | 6 years to life | 4 years to life | 10 years |
| Felon in Possession of a Firearm | 4 years to life | 2 years to life | 5 years |
| [†] The record does not reflect why the district court imposed two sentences below their respective statutory minimums. | | | |

Because some sentences run concurrently while others run consecutively, Mr. Parker's sentences total 40 years of imprisonment.

Larceny of an Automobile upon prompting from the prosecutor.  Mr. Parker pled no contest to Shooting with Intent to Kill, and guilty to the other five counts.

Mr. Parker later moved to withdraw his pleas, arguing they had not been knowing and voluntary.  After hearing testimony from Mr. Parker and his defense attorney, the court denied the motion, finding defense counsel's misstatements were either cured or harmless because they were "not outcome determinative."  Change of Plea Hr'g Tr., ROA, Vol. II at 147-48.  It said "the defendant knowingly entered into the plea, and that his final decision to accept a -- the blind plea sentence of the Court was not in any material way based upon the errors in the Court's recitation or in the [plea] form."  *Id.* at 148.

### B.  *OCCA Appeal*

Mr. Parker filed a petition for a writ of certiorari with the Oklahoma Court of Criminal Appeals ("OCCA") on four issues:  "(1) whether he received effective assistance of counsel; (2) whether his plea was knowingly and voluntarily entered; (3) whether his sentence is excessive; and (4) whether cumulative error deprived him of a fair proceeding."  OCCA Op. Denying Certiorari, ROA, Vol. I at 109.

First, Mr. Parker argued his lawyer violated *Strickland v. Washington*, 466 U.S. 668 (1984) by (a) failing to prepare a defense and instead advising Mr. Parker to plead guilty even though Mr. Parker wished to go to trial and insisted he had an alibi, and (b) failing to advise him properly about the effect of pleading guilty, in particular misstating the three statutory minimum ranges.  The OCCA rejected the trial preparation argument because "defense counsel researched [Mr.] Parker's alibi, subpoenaed witnesses, and

3

attempted to get a continuance to further research [Mr.] Parker's potential alibi." OCCA Op. Denying Certiorari, ROA, Vol. I at 109. The OCCA rejected the failure-to-advise argument because Mr. Parker "met with his attorney multiple times about the case and spent sufficient time reviewing the plea form." ROA, Vol. I at 109. [3]

Second, the OCCA acknowledged the state trial court erred by overstating the minimum sentences for two counts, but concluded Mr. Parker's pleas were not involuntary or unknowing because any misunderstanding did not affect the outcome.

Third, Mr. Parker claimed his sentence was excessive because he received a harsher sentence than some of his more-culpable co-defendants. Mr. Parker quoted Oklahoma statutory and case law stating that when a guilty plea "shocks the conscience of the court or an injustice has been done" the OCCA "has the power to modify that sentence." OCCA Br., ROA, Vol. I at 99-100 (citing Okla. Stat. tit. 22, §1066 and *Livingston v. State*, 795 P.2d 1055, 1058 (Okla. Crim. App. 1990) (addressing state law only)). The OCCA concluded Mr. Parker's sentence was within the statutory range and "does not shock the conscience of [the] Court." OCCA Op., ROA, Vol. I at 111.

Fourth, the OCCA rejected Mr. Parker's cumulative error claim.

_____

[3] Although the OCCA determined Mr. Parker's counsel was not deficient, the OCCA's opinion does not discuss defense counsel's misstatements of the statutory minimums. Under AEDPA, we must presume the OCCA decided that issue on the merits. *Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013) *reh'g denied*, 133 S. Ct. 1858 (2013); *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). Mr. Parker does not attempt to rebut this presumption.

4

The OCCA affirmed the trial court in a summary opinion on the merits and denied his petition. Mr. Parker neither petitioned the United States Supreme Court for certiorari nor sought post-conviction relief in the state courts.

## C. *Federal District Court*

On November 24, 2010, Mr. Parker timely applied for habeas corpus relief under 28 U.S.C. § 2254, raising the same four issues.

First, applying the deferential standards required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the district court determined that Mr. Parker had failed to show an unreasonable application of *Strickland*. On the trial preparation argument, it noted defense counsel had prepared by interviewing witnesses and investigating the alleged alibi. Nothing suggested defense counsel's recommendation to plead guilty was unreasonable "based on [defense counsel's] investigation and known facts." *Parker v. Evans*, 2013 WL 6800138, at *5 (N.D. Okla. Dec. 20, 2013). On the failure-to-advise argument, the district court noted that defense counsel met with Mr. Parker for 20-25 minutes to go over the pleas and that Mr. Parker indicated he had understood the pleas. The district court further noted Mr. Parker had not demonstrated that counsel's misstating the statutory minimums would have affected his decision to not go to trial.

Second, the district court concluded the OCCA's decision was not contrary to or an unreasonable application of Supreme Court precedent on the voluntariness of a guilty plea. It said the state trial court's factual finding that the misstatements of the statutory minimums did not affect Mr. Parker's decision to plead guilty was based on "a careful

5

review of the errors alleged by Petitioner" and that the trial court "determined them to be either cured or harmless." *Parker*, 2013 WL 6800138, at *7. It noted that under AEDPA, federal courts presume that state court factual findings are correct unless rebutted by clear and convincing evidence, which Mr. Parker failed to do. *Id.* at *8; *see* 28 U.S.C. § 2254(e)(1).

Third, the district court observed that "[a] habeas court affords 'wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown [that] the sentence imposed is outside the statutory limits or unauthorized by law,'" *Parker*, 2013 WL 6800138, at *9 (quoting *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000)). The district court concluded "[t]here is no basis for habeas relief" because all of Mr. Parker's challenged sentences were within statutory limits. *Id.*

Fourth, the district court concluded the OCCA did not unreasonably apply the cumulative error doctrine.

The district court therefore denied habeas relief and declined to issue a COA. Mr. Parker timely filed a notice of appeal and request for a COA.

## II. **DISCUSSION**

### A. *COA Standard and AEDPA Review*

Mr. Parker may not appeal the district court's denial of his § 2254 application without a COA. 28 U.S.C. § 2253(c)(1)(A); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating "that jurists of reason

6

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further," *Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007) (quotations omitted).

The AEDPA standard governs federal habeas review of state court decisions. *See* 28 U.S.C. § 2254. If state court proceedings adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2); *see also Richter*, 131 S. Ct. at 785.

In deciding whether to grant a COA, we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 336.

B. *Analysis*

Mr. Parker seeks a COA on the same four issues he raised in the OCCA and in the district court: (1) ineffective assistance of counsel; (2) unknowing and involuntary pleas; (3) excessive sentence; and (4) cumulative error. *See* Aplt. Br. at 3-4. Because the OCCA rejected these claims on the merits, the district court correctly reviewed them under AEDPA's deferential standard.

7

1. **Ineffective Assistance of Counsel**

    a. *Strickland*

Mr. Parker claims he was denied effective assistance of counsel. Under *Strickland*, a defendant's Sixth Amendment right to effective counsel is violated when (1) counsel's performance was deficient, and (2) the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687. As to (1), a defendant must show counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. The defendant must overcome a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . [and] might be considered sound trial strategy." *Id.* at 689 (quotations omitted). As to (2), a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 131 S. Ct. at 792.

Under AEDPA, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 785. When evaluating the state court's resolution of *Strickland*'s performance requirement, federal courts must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

b. *Mr. Parker's claims*

Mr. Parker posits two ineffective assistance of counsel claims. First, he alleges his counsel was not prepared for trial and instead recommended a guilty plea. As the OCCA and the district court concluded, the record shows he was prepared, and reasonable jurists would not debate otherwise.

Second, he alleges his counsel's misstatement of sentencing ranges for three of his six charges caused him to plead guilty rather than go to trial. To show prejudice, Mr. Parker must demonstrate he would not have pled guilty but for counsel's errors. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A mere assertion is not enough. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). Instead, "we look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." *Id.*

Of the three misstated ranges, the trial court corrected one. Defense counsel overstated the other two- and four-year-minimums by two years each. These misstatements must be considered in the context of the three correctly stated 20-to-life sentence ranges. *See supra* note 2. Moreover, after holding a hearing on this issue, the state trial court found Mr. Parker would have pled guilty notwithstanding the two misstatements. Federal courts must accept this finding unless Mr. Parker contradicts it with clear and convincing evidence, 28 U.S.C. § 2254(e)(1), which he has not. Reasonable jurists would not debate the district court's denial of this claim. We therefore deny COA on ineffective assistance of counsel.

## 2. Unknowing and Involuntary Pleas

Mr. Parker claims his guilty plea was not knowing and voluntary because counsel misstated the sentence range for three charges. The district court corrected one of the misstatements, and our case law holds this claim can succeed as to counsel's misstatements only when counsel is held to have been constitutionally ineffective. *Bush v. Neet*, 400 F.3d 849, 853 (10th Cir. 2005). Our disposition of the ineffective assistance claim therefore resolves this claim. We deny COA.

## 3. Excessive Sentence

Mr. Parker claims his sentence was excessive under Oklahoma law but fails to identify any federal constitutional violation, which is the core predicate for habeas relief. *See* 28 U.S.C. § 2254(a). He has not even shown that his sentence falls outside the state statutory limits. *See Dennis*, 222 F.3d at 1258 (stating challenges to state sentencing decisions "are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law"). The district court was indisputably correct in denying habeas relief on this claim, and we again deny COA.

## 4. Cumulative Error

Based on the foregoing, Mr. Parker's request for COA on the issue of cumulative error has no basis.

## III. CONCLUSION

For the foregoing reasons, we conclude Mr. Parker has not made a substantial showing of the denial of a constitutional right. We deny COA as to all issues and dismiss this matter.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

11